FRANCES D. LOUIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Louis v. Commissioner
Docket No. 4467-73.
United States Tax Court
T.C. Memo 1975-30; 1975 Tax Ct. Memo LEXIS 342; 34 T.C.M. (CCH) 203; T.C.M. (RIA) 750030; February 20, 1975, Filed Frances D. Louis, pro se. Walter C. Welsh, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSON, Judge: Respondent determined a deficiency of $198.02 in petitioner's Federal income tax for 1971. The only issue is whether petitioner is entitled, under section 214, [1]/ to a deduction of $900 for child care *343 expenses during 1971. FINDINGS OF FACT At the time the petition in this proceeding was filed, petitioner was a legal resident of Holliswood, New York. She filed a timely individual Federal income tax return for 1971 in which she claimed a deduction of $900 for "child care." Prior to 1971, petitioner and her former husband were divorced. The divorce decree provided that he would pay her $1,500 per year for the support of each of their two children and that he would be entitled to claim the children as dependency exemptions on his income tax returns. In 1971, petitioner received $1,500 from her former husband for the support of each of the two children, and it is stipulated that he was entitled to claim them as dependency exemptions. During 1971, petitioner maintained a home for herself and her two young sons, Matthew and Richard, both of whom were under 13 years of age. She was employed as a teacher, and she earned a salary of $9,571.28. During that year, she paid $900 for the services of babysitters to care for her children while she worked. On examination *344 of petitioner's Federal income tax return for 1971, respondent determined that petitioner was not entitled to the $900 deduction for child care expenses. OPINION Unfortunately for petitioner, the right to a deduction by a working mother (or other individual who maintains a household) for child care expenses is limited to expenses incurred in caring for a child who is the mother's dependent. In petitioner's case, the divorce decree provides that her former husband shall be entitled to the dependency exemption deductions for their two children. As a result of that decree, and the former husband's payment of $1,500 for each child's support, the children were not dependents of petitioner in 1971, but, under the statute, were dependents of her former husband. Accordingly, she is not entitled to a child care expense deduction for 1971 for her two children. The rather complicated set of controlling Code provisions leaves no doubt as to the correctness of the foregoing conclusion. Section 214(a), in the form in which it was in effect during 1971, allowed as a deduction expenses (not to exceed $900 for two or more children) paid during the taxable year by a taxpayer, a woman, for *345 the care of one or more "dependents" if such care was for the purpose of enabling the taxpayer to be gainfully employed. Section 214(d)(1) defined the term "dependent" to mean "a person with respect to whom the taxpayer is entitled to an exemption under section 151(e)(1)." In the case of a child, the definition limited the term to a son, stepson, daughter, or stepdaughter who had not attained the age of 13 years. Sec. 214(d)(1)(A). The expenses in dispute were incurred for the purpose of enabling petitioner to work and were incurred for the care of her two sons, both of whom had not attained the age of 13 years. The crucial consideration, therefore, is whether she was entitled to exemption deductions for them under section 151(e)(1). Section 151(e)(1)(B) allows an exemption deduction for "each dependent (as defined in section 152)" who is a child of the taxpayer and who has not attained the age of 19. Section 152(a) defines the term "dependent" to include a son over half of whose support for the taxable year was received from the taxpayer. Section 152(e)(2)(A) provides, however, that a child shall be treated as having received over half of his support from the parent not having *346 custody if, during the taxable year, (1) the decree of divorce provides that the parent not having custody shall be entitled to any dependency deduction allowable for such child, and (2) the parent not having custody provides at least $600 for the child's support. Since the petitioner's divorce decree provided that her former husband would be entitled to the dependency exemption deduction for their two children and in 1971 he provided $1,500 for the support of each child, the children were not petitioner's dependents within the meaning of section 151(e)(1). Petitioner argues that the provisions denying her the child care deduction discriminate against her in some way. We find no merit in that argument. We are compelled to conclude that petitioner does not qualify for the disputed deduction. Accordingly, Decision will be entered for the respondent. Footnotes
1. / All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.↩